Submitted on brief June 23, reversed and dismissed July 11, 1916.

## HERSCHBACK *v.* HERSCHBACK.*

### (158 Pac. 526.)

**Divorce—Grounds—Willful Desertion—Statute.**

1. Under Section 507, L. O. L., a dissolution of the marriage contract may be decreed in Oregon at the suit of the injured party for willful desertion for one year.

**Divorce—Grounds—Desertion—Living Apart by Consent.**

2. Where a wife, upon her marriage, with the consent of her husband, went to the home of her relatives to live until her husband could secure sufficient means to enable them to commence housekeeping, she could not be charged with deserting her husband until he had canceled his consent that she live with her relatives.

[As to desertion as ground for divorce, see note in 119 Am. St. Rep. 617.]

From Marion: WILLIAM GALLOWAY, Judge.

In Banc.   Statement by MR. CHIEF JUSTICE MOORE.

This suit was commenced April 3, 1915, by Sigmund H. Herschback against Magdalena Herschback for a divorce on the ground of desertion, alleged to have occurred July 13, 1913, the complaint being in the usual form.

The answer denies the abandonment, and avers that shortly after the marriage of the parties the plaintiff willfully and without cause deserted the defendant, and against her will and consent has continued to live separate and apart from her. No affirmative relief, however, is sought by her. The material allegations of new matter in the answer having been denied in the reply, the cause was tried, resulting in a decree of divorce in favor of the plaintiff, but requiring him to contribute the sum of $5 a month toward the support of their daughter, who is two years old, and the defendant appeals.

---

*As to effect of consent to separation between husband and wife, on the question of desertion by spouse leaving, see note in 39 L. R. A. (N. S.) 1121.                                   REPORTER.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

REVERSED AND DISMISSED.

For appellant there was a brief submitted by *Messrs. Smith & Shields.*

For respondent there was a brief prepared and presented by *Mr. Robin D. Day.*

For the State there was a brief filed by *Mr. Ernest R. Ringo,* District Attorney.

Opinion by MR. CHIEF JUSTICE MOORE.

The testimony shows that these parties were married at Chester, Illinois, March 15, 1912, when each was quite young. The plaintiff was then employed by a farmer and the defendant was doing housework for a neighbor. Like many persons of their age, they had no money or property, and at the marriage they agreed she should reside with her parents until he could secure sufficient means to enable them to commence housekeeping. He visited his wife several times, but never lived with her; such association being deferred, by consent, until he could support her. After their child was born, the plaintiff ceased calling upon his wife and neglected to make any provision for her sustenance, whereupon she, invoking the remedy given by a statute of Illinois, commenced in the Circuit Court of Randolph County, in that state, a suit against him for support and maintenance, and at the March, 1913, term thereof secured a decree requiring him to pay her $10 on the 15th of that and each succeeding month. He made three payments as required, but on July 12, 1913, left Illinois, and came to Oregon, and in his com-

plaint for a divorce alleges his wife deserted him on that day.

As a witness in his own behalf he testified that he wrote to her from Salem, Oregon, addressing the letter to Minnith, Missouri, her then residence, asking her to come to him, but that he received no reply to his request. It does not appear that he sent her any money with which to make the journey, or that he was then able, ready or willing to support her, or that she was able to come to him. On cross-examination, in referring to the time when such letter was written, he said it was some time in December, 1914.

"Q. That is the letter you referred to while Mr. Day [the plaintiff's counsel] was examining you?
"A. Yes, sir."

The deposition of the defendant is to the effect that she never received any communication from the plaintiff since he left. Upon this subject she stated upon oath:

"He never requested me to accompany him when he left the State of Illinois, and did not inform me that he was going, or intended to go, and he never did request me to live with him since he left the State of Illinois, and I have had no word or letter from him since he left Illinois. I did not know where he had gone after leaving Illinois, or where he had located, until I received notice through the postoffice of the bringing of this suit for divorce in the Circuit Court of Marion County, in the State of Oregon."

1, 2. A dissolution of the marriage contract may be decreed in Oregon at the suit of the injured party for willful desertion for one year: L. O. L., § 507. "Desertion or abandonment," say the court in *Luper* v. *Luper,* 61 Or. 418, 423 (96 Pac. 1099, 1101), "consists in the voluntary separation of one spouse from the

other for the prescribed time, without the latter's consent, without justification, and with the intention of not returning.'' The defendant, with the plaintiff's consent, having gone to the home of her relatives to live until her husband could secure sufficient means to enable them to commence housekeeping, she could not be charged with deserting him until he had canceled such consent. This does not appear to have been done July 12, 1913, when he left Illinois for Oregon. If his testimony is to be regarded as true, no abandonment occurred until December, 1914, and, this suit having been commenced April 3, 1915, no cause therefor then existed.

The testimony conclusively shows that this suit was commenced before the expiration of one year from the desertion, as claimed by the plaintiff. This being so, the decree should be reversed and the suit dismissed, and it is so ordered.    REVERSED AND DISMISSED.

---

'Argued June 23, peremptory writ ordered July 11, 1916.